USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1450 UNITED STATES, Appellee, v. JEREMIAS GUZMAN, Defendant, Appellant. ___________________ No. 96-1608 UNITED STATES, Appellee, v. NATANAEL GUZMAN, Defendant, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Ronald Ian Segal on brief for appellant, Jeremias Guzman. ________________ William J. O'Hare on brief for appellant, Natanael Guzman. _________________ Donald K. Stern, United States Attorney, William F. Sinnott, ________________ ____________________ Assistant U.S. Attorney, and Patrick M. Hamilton, Assistant U.S. _____________________ Attorney, on brief for appellee. ____________________ March 11, 1997 ____________________ Per Curiam. Jeremias and Natanael Guzman appeal from __________ their sentences on two related grounds. First, they argue that the district court erred in rejecting their claim that government agents had engaged in sentencing factor manipulation by requesting that the cocaine they purchased from appellants be delivered in crack rather than powder form. Second, appellants contend that the district court erred in denying their request for an evidentiary hearing on the sentencing manipulation claim. Natanael Guzman filed a supplemental pro se brief in which he raised several ___ __ additional issues.  This court has emphasized that "garden variety manipulation claims are largely a waste of time. . . . [S]entencing factor manipulation is a claim only for the extreme and unusual case." United States v. Montoya, 62 F.3d _____________ _______ 1, 4 (1st Cir. 1995). We agree with the district court that, even assuming the truth of the facts alleged by appellants at sentencing, appellants have failed to demonstrate sentencing manipulation amounting to "extraordinary misconduct." Id.  ___ "Because manipulation is largely a fact-bound inquiry, even the district court's ultimate judgment whether the government's conduct is outrageous or intolerable is not lightly to be disregarded." Id. at 4. We decline to reverse ___ that judgment here. The district court did not abuse its discretion in -2- denying appellants' request at sentencing for an evidentiary hearing on the issue of sentencing factor manipulation. Under the Sentencing Guidelines, "when any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. 6A1.3. In this case, the facts in the presentence report were undisputed. The district court repeatedly questioned appellants at sentencing about the facts that they sought to prove by introducing evidentiary evidence. Rather than hold a formal hearing, the court assumed, for the purposes of sentencing, the truth of those alleged facts. The court properly concluded that, even with those assumptions, appellants were not entitled to an adjustment in their sentences. There was no abuse of discretion. In his pro se supplemental brief, Natanael Guzman raises ___ __ several additional issues, none of which entitle him to relief. Natanael objects belatedly to certain evidentiary matters related to the grand jury proceedings. Even had the issues been raised below (which they apparently were not), Natanael's guilty plea "effectuates a waiver of any and all independent non-jurisdictional lapses that may have marred the case's progress up to that point." United States v. _____________ Cordero, 42 F.3d 697, 699 (1st Cir. 1994). Natanael also _______ waived his constitutional right to a speedy trial, not only -3- by failing to assert the right, but also by contributing to the delay when he moved for a continuance of the trial date. See Barker v. Wingo, 407 U.S. 514, 529 (1972). Finally, ___ ______ _____ because Natanael did not present his ineffective assistance claim to the trial court first, we decline to consider it. See United States v. Guzman, 85 F.3d 823, 830 (1st Cir. ___ ______________ ______ 1996).  The convictions and sentences of Jeremias and Natanael Guzman are summarily affirmed. See Loc. R. 27.1. _________ ________ ___ -4-